J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A P. C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:   (818) 500-3200
Facsimile:    (818) 500-3201

Attorneys for Plaintiff
Deckers Outdoor Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deckers Outdoor Corporation, | Case No. |
| Plaintiff, | COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, UNFAIR COMPETITION, ANTICYBERSQUATTING AND PATENT INFRINGEMENT |
| v. | |
| The Busy B Enterprises Pty Ltd d/b/a Blue Mountains Ugg Boots, and Does 1 – 10, inclusive, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff Deckers Outdoor Corporation ("Deckers") alleges as follows:

### NATURE OF THE ACTION

1.      This is an action by Deckers to combat and cease the willful sale of unlicensed, infringing and counterfeit products bearing Deckers' exclusive trademark and patented designs ("Infringing Product").  Defendants in this action are sellers and advertisers of infringing and counterfeit footwear which purport to originate from Deckers through Internet websites including, but not limited to <uggboots.com.au> ("Defendants' Website").

Deckers Outdoor Corporation v.
The Busy B Enterprises Pty Ltd, et al.:
Complaint                                    - 1 -

2.     As a direct and proximate result of Defendants' unlawful and active manufacturing, purchasing, distributing, offering for sale and/or selling such unlicensed, infringing and counterfeit footwear, Deckers is irreparably harmed. Deckers seeks a permanent injunction, damages, costs and attorney's fees as authorized by United States Code, Title 35; the Lanham Act; and California law.

## JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq*.; 28 U.S.C. § 1338(a), (b); 35 U.S.C. §§ 1 *et seq*.; and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of California pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.     This Court may properly exercise personal jurisdiction over Defendants since Defendants purposefully direct their business activities toward consumers in California, derive a commercial benefit from their contacts with the State of California and Defendants are causing harm to Deckers' business within the State of California.  Deckers is suffering from the effects of Defendants' unlawful conduct in the State of California.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).  A substantial part of the events giving rise to Deckers' claims occurred in this judicial district.  Defendants are subject to personal jurisdiction in this judicial district.

### The Parties

6.     Deckers is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at Goleta, California.  Deckers designs and markets footwear identified by its famous UGG® trademark.

7.     Defendant Busy B Enterprises Pty Ltd d/b/a Blue Mountains Ugg Boots ("Blue Mountains") is an Australian business having its principal place of business in Faulconbridge, New South Wales, Australia and upon information and belief, is a manufacturer and/or marketer of sheepskin footwear under the label Blue Mountains Ugg Boots.

8.     Upon information and belief, Blue Mountains owns and/or operates the Defendants' Website, and/or uses the Defendants' Website to transact its infringing and unlawful activities throughout the United States and in the State of California.

9.     On information and belief, Does 1 – 10 are principals, supervisory employees, or suppliers of Blue Mountains or other entities or individuals who, subject to jurisdiction of this judicial district, import, display, advertise, promote, sell and/or offer for sale merchandise which infringes Deckers' rights. The identities of the Does are unknown to Deckers at this time. The Complaint will be amended to include the names of such individuals or entities when identified. Blue Mountains and Does 1 – 10 are collectively referred to herein as "Defendants."

10.     Defendants transact business by selling, offering for sale, importing, advertising and/or distributing the Infringing Product in this judicial district at a minimum through the use of the Defendants' Website.

11.     Deckers is informed and believes, and upon that basis alleges, that Blue Mountains is an entity who conducts business in this judicial district and is subject to the jurisdiction of this Court.  Deckers is informed and believes, and upon that basis alleges, that Blue Mountains is an entity who is manufacturing, distributing, importing, displaying, advertising, promoting, selling and/or offering for sale, merchandise in this judicial district which infringes Deckers' UGG Trademark and/or Deckers' patents.

/ / /

/ / /

# FACTS COMMON TO ALL COUNTS

**The Famous UGG® Trademark**

12.     Deckers has become well known throughout the United States and elsewhere as a source of high quality footwear products, including the UGG brand of premium footwear.  Deckers' UGG products are distributed and sold to consumers through retailers throughout the United States at point of sale and on the internet, including through the website www.ugg.com.

13.     Since acquiring the UGG Trademark and the goodwill of the business in 1995, Deckers has continuously sold footwear, clothing and accessories under the UGG trademark.  Deckers has built substantial goodwill in the UGG Trademark.  The UGG Trademark is famous and a valuable asset of Deckers.

14.     Deckers has adopted, used and owns the trademark UGG in connection with footwear.  The UGG Trademark has been used continuously since at least as early as 1979 by Deckers and its predecessors in interest.  These rights are embodied, in part, in U.S. Trademark Registration No. 3,050,925 ("UGG Trademark"), a true and correct copy of which is attached hereto as Exhibit A and by this reference is herein incorporated.

15.     Exhibit A is valid, has become incontestable and has not been licensed to Defendants for use in any manner whatsoever.

16.     Deckers' UGG Trademark is distinctive and signifies to members of the consuming public that the products come from Deckers and are manufactured to the highest standard of quality.  Deckers' products have been widely accepted by the public and are enormously popular, as demonstrated by over $1 Billion in annual UGG sales.  The UGG Trademark is a famous mark.

17.     This enormous popularity is not without cost, as evidenced by the increasing number of counterfeiters in the United States and around the world.

Deckers Outdoor Corporation v.
The Busy B Enterprises Pty Ltd, et al.:
Complaint                    .                    - 4 -

Indeed, it is a modern irony that companies measure success by the extent of their counterfeiting problem.

18.     Deckers is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D599,999 ("the '999 Patent").  The '999 Patent was lawfully issued on September 15, 2009 with the named inventor of Jennifer MacIntyre.  Attached hereto as Exhibit B is a true and correct copy of the '999 Patent.

19.     Deckers is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D616,189 ("the '189 Patent").  The '189 Patent was lawfully issued on May 25, 2010 with the named inventor of Jennifer MacIntyre. Attached hereto as Exhibit C is a true and correct copy of the '999 Patent.

20.     Deckers has not granted a license or any other form of permission to Defendants to the designs protected by the '999 Patent and the '189 Patent.

**Defendants' Unlawful Conduct**

21.     Defendants are involved in the importation, manufacture, purchase, distribution, offering for sale and/or sale of footwear and related goods bearing marks that are counterfeit and/or infringing reproductions of the UGG Trademark to the general public, including through sales over the internet to California residents using the Defendants' Website.  Specifically, Defendants are using the marks "UGG," "UGG BOOTS", "Blue Mountains UGG Boots" and other variations of Deckers' UGG mark ("the Infringing Marks") on footwear which is likely to cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of Defendants' goods and the sponsorship or endorsement of those goods by Deckers.  Defendants' use of trademarks that are identical with or substantially indistinguishable from the UGG mark constitutes use of a counterfeit mark.

22.     Defendants are involved in the importation, offering for sale and/or sale of footwear that infringes the '999 Patent and the '189 Patent.

23.     Photos of footwear sold by the Defendants in this judicial district are shown below:





**Defendants'
Counterfeit Footwear**



**Button of Defendants' Counterfeit Footwear**





**Heel label of Defendants'
Counterfeit Footwear**

**Outsole of Defendants'
Counterfeit Footwear**

24.    As evidenced by the photos in Paragraph 22 above, Defendants are infringing Deckers rights in and to the UGG Trademark, the '999 Patent and the '189 Patent.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement 15 U.S.C. § 1114, 1125)

25.    Deckers repeats and alleges the allegations set forth in paragraphs 1 through 24 above, as if set forth fully herein.

Deckers Outdoor Corporation v.
The Busy B Enterprises Pty Ltd, et al.:
Complaint                              .              - 7 -

26.     Deckers owns the exclusive rights to the UGG Trademark.  Deckers' use of the UGG Trademark in the United States predates that of Defendants.

27.     Notwithstanding Deckers' well known and prior common law and statutory rights in the UGG Trademark, Defendants have, with actual and constructive notice of Deckers' federal registration rights, and long after Deckers established its rights in the UGG Trademark, adopted and used the Infringing Marks in conjunction with the  sale and transportation of footwear in interstate commerce.

28.     Defendants' use of the Infringing Marks without the authorization of Deckers is likely to deceive and cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of Defendants' goods and the sponsorship or endorsement of those goods by Deckers.

29.     Defendants' use of the Infringing Marks without the authorization of Deckers is likely to deceive and cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of Deckers' goods and the sponsorship or endorsement of those goods by Defendants.

30.     Deckers has not authorized, licensed or otherwise condoned or consented to Defendants' use of the Infringing Marks.

31.     Such confusion, deception and mistake has occurred as a direct result of Defendants' display, advertising and promotion, of the infringing footwear and other merchandise.

32.     Despite the fact that Defendants have actual knowledge of Deckers' rights to the UGG Trademark, Defendants have used, and upon information and belief, will continue to use the Infringing Marks in complete disregard of Deckers' rights.

33.     Defendants have misappropriated Deckers' substantial rights in and to the UGG Trademark, as well as the goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will permit Defendants to gain an unfair

competitive advantage over Deckers, enjoy the selling power of the UGG Trademark, allow Defendants to interfere with Deckers' continued promotion and expansion of the UGG Trademark, and allow Defendants to palm off its products as those being produced by, sponsored or authorized by Deckers.

34.     The acts of Defendants alleged in Paragraphs 25 - 33 above were committed willfully with full knowledge of Deckers' rights and with the intention of deceiving and misleading the public.

35.     The acts of Defendants alleged in Paragraphs 25 - 33 above were committed willfully with full knowledge of Deckers' rights and with the intention of causing harm to Deckers.

36.     Defendants' infringing activities will continue to cause irreparable injury to Deckers if Defendants are not restrained by the Court from further violation of Deckers' rights.

37.     As a direct and proximate result of Defendants' unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.  Deckers is entitled to all available relief provided for in 15 U.S.C. § 1117, 1118 and 1125 including preliminary and permanent injunctive relief, Defendants' profits, treble damages, costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition and False Designation of Origin 15 U.S.C.§ 1125(a))

38.     Deckers repeats and re-alleges the allegations set forth in paragraphs 1 through 37 above, as if set forth fully herein.

39.     Deckers owns the exclusive rights to the UGG Trademark.  Deckers' use of the UGG Trademark in the United States predates that of Defendants'.

40.     Notwithstanding Deckers' well known and prior common law and statutory rights in the UGG Trademark, Defendants have, with actual and

constructive notice of Deckers' federal registration rights, and long after Deckers established its rights in the UGG Trademark, adopted and used the Infringing Marks in conjunction with the manufacture, purchase, distribution, offer of sale and sale of footwear in interstate commerce.

41.     Defendants' use of the Infringing Marks without the authorization of Deckers is likely to deceive and cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of Defendants' goods and the sponsorship or endorsement of those goods by Deckers.

42.     Defendants' use of the Infringing Marks without the authorization of Deckers is likely to deceive and cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of Deckers' goods and the sponsorship or endorsement of those goods by Defendants.

43.     Deckers has not authorized, licensed or otherwise condoned or consented to Defendants' use of the Infringing Marks.

44.     Such confusion, deception and mistake has occurred as a direct result of Defendants' use of the Infringing Marks in connection with the display, advertising and promotion, of footwear and other merchandise.

45.     Despite the fact that Defendants have actual knowledge of Deckers' rights to the UGG Trademark, Defendants have used, and upon information and belief, will continue to use the Infringing Marks in complete disregard of Deckers' rights.

46.     Defendants have misappropriated Deckers' substantial rights in and to the UGG Trademark, as well as the goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will permit Defendants to gain an unfair competitive advantage over Deckers, enjoy the selling power of the UGG Trademark, allow Defendants to improperly blunt and interfere with Deckers' continued promotion and expansion of the UGG Trademark, and allow Defendants

to palm off their products as those being produced by, sponsored or authorized by Deckers.

47.     The acts of Defendants alleged in Paragraphs 38 - 46 above were committed willfully with full knowledge of Deckers' rights and with the intention of deceiving and misleading the public.

48.     The acts of Defendants alleged in Paragraphs 38 - 46 above were committed willfully with full knowledge of Deckers' rights and with the intention of causing harm to Deckers.

49.      Defendants' infringing activities will continue to cause irreparable injury to Deckers if Defendants are not restrained by the Court from further violation of Deckers' rights.

50.     As a direct and proximate result of Defendants' unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.  Deckers is entitled to all available relief provided for in 15 U.S.C. § 1117, 1118 and 1125 including preliminary and permanent injunctive relief, Defendants' profits, treble damages, costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF

### (Dilution of Famous Mark 15 U.S.C. § 1125 (c))

51.     Deckers repeats and re-alleges the allegations set forth in paragraphs 1 through 50 above, as if set forth fully herein.

52.     As a result of Deckers' continuous promotion of its products in conjunction with the UGG Trademark, the UGG Trademark has become recognized as distinctive and famous.

53.     Defendants' use in commerce of the Infringing Marks began after the UGG Trademark had become famous and has caused dilution of the distinctive

quality of the mark.  Such conduct has caused injury to Deckers pursuant to 15 U.S.C. § 1125(c).

54.     Such dilution has occurred as a direct result of Defendants' advertising and promotion, through Defendants' Website and otherwise, of the Infringing Marks on or in connection with footwear and other merchandise.

55.     Defendants willfully intended to trade on Deckers' reputation and/or to cause dilution of the famous UGG Trademark.  Accordingly, Deckers is entitled to recover its damages, as well as Defendants' profits received as a result of the infringement, pursuant to 15 U.S.C. § 1117(a).

56.     Unless Defendants' conduct is enjoined, Defendants will continue its acts of dilution and Deckers and its goodwill and reputation will suffer irreparable injury.  Accordingly, Deckers seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c)(1).

57.     As a direct and proximate result of Defendants' unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.  Deckers is entitled to all available relief provided for in 15 U.S.C. §  1117, 1118 and 1125 including preliminary and permanent injunctive relief, Defendants' profits, treble damages, costs and attorneys' fees.

## **FOURTH CLAIM FOR RELIEF**

### **(Anticybersquatting Consumer Protection Act 15 U.S.C. § 1125(d))**

58.     Deckers hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 57.

59.     Deckers is the exclusive owner of the UGG Trademark.  Additionally, the UGG Trademark is a famous mark pursuant to 15 U.S.C. § 1125 and was famous before and at the time of the registration of the Defendants' Website.

60.     Upon information and belief, the Defendants have acted with the bad faith intent to profit from the unauthorized use of the UGG Trademark and the goodwill associated therewith by registering Defendants' Website which is identical to, confusingly similar to, or dilutive of the UGG Trademark.

61.     The Defendants have no intellectual property rights in or to the UGG Trademark.

62.     Defendants' actions constitute cyberpiracy in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

63.     Deckers has no adequate remedy at law, and the registration and use of Defendants' Website has caused, is causing, and is likely to continue to cause substantial and irreparable injury to the public and to Deckers.

## FIFTH CLAIM FOR RELIEF

### (Patent Infringement of United States Design Patent No. D599,999)

64.     Deckers repeats and re-alleges the allegations set forth in paragraphs 1 through 63 above, as if set forth fully herein.

65.     Defendants make, use, sell, offer for sale, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '999 Patent.

66.     Defendants have infringed the '999 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused Deckers to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Deckers is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

67.     Deckers is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289.  Deckers is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## SIXTH CLAIM FOR RELIEF

### (Patent Infringement of United States Design Patent No. D616,189)

68.     Deckers repeats and re-alleges the allegations set forth in paragraphs 1 through 67 above, as if set forth fully herein.

69.     Defendants make, use, sell, offer for sale, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '189 Patent.

70.     Defendants have infringed the '189 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused Deckers to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Deckers is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

71.     Deckers is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289.  Deckers is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## SEVENTH CLAIM FOR RELIEF

### (Unfair Competition California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq*.)

72.     Deckers hereby repeats and re-alleges the allegations set forth in paragraphs 1 through 71, above, as if set forth fully herein.

73.     Defendants' appropriation, adoption and use of the Infringing Marks on or in connection with the sale and offering for sale of footwear is likely to confuse or mislead consumers into believing that Defendants' goods are authorized, licensed or approved by Deckers, thus constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

74.     The deceptive, unfair and fraudulent practices set forth in paragraphs 1-71 above have been undertaken with knowledge by Defendants willfully with the intention of causing harm to Deckers and for the calculated purpose of misappropriating Plaintiff's goodwill and business reputation.

75.     Defendants' use of the Infringing Marks has deprived Deckers of the opportunity to conduct business using its trademarks and deprived Deckers of the right to control the use of its trademarks.

76.     As a direct and proximate result of Defendants' unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.  Deckers is entitled to all available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq* including permanent injunctive relief.

77.     Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Deckers in its business and with conscious disregard for Deckers' rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## **PRAYER FOR RELIEF**

WHEREFORE, Deckers prays that the Court enter an Order against Defendants as follows:

1.     Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a.   further infringing Deckers' UGG trademark by importing, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any goods, including, but not limited to footwear and related merchandise, bearing the Infringing Marks or variations thereof

or any other simulation, reproduction, counterfeit, copy or colorable imitation of Deckers' UGG Trademark;

b.  using any simulation, reproduction, counterfeit, copy or colorable imitation of Deckers' UGG Trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution (including, but not limited to, use of Internet websites including, but not limited to <uggboots.com.au>) of any products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Deckers, or to any goods sold, manufactured, sponsored or approved by, or connected with Deckers;

c.  making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by Defendants are in any manner associated or sponsored by or connected with Deckers, or are sold, manufactured, licensed, sponsored, approved or authorized by Deckers;

d.  using any mark likely to dilute or tarnish Deckers' famous UGG Trademark;

e.  importing, offering for sale, or selling any products not authorized by Deckers and that includes any reproduction, copy or colorable imitation of the design claimed in Deckers' '999 Patent;

f.  importing, offering for sale, or selling any products not authorized by Deckers and that includes any reproduction, copy or colorable imitation of the design claimed in Deckers' '189 Patent;

g.  otherwise competing unfairly with Deckers in any manner;

Deckers Outdoor Corporation v.
The Busy B Enterprises Pty Ltd, et al.:
Complaint                    .              - 16 -

h.  effecting assignments or transfers, forming new entities or association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (g);

i.  shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Deckers, nor authorized by Deckers to be sold or offered for sale, and which bear Deckers' UGG® trademark or any reproduction, counterfeit copy or colorable imitation thereof;

j.  aiding, abetting, contributing to or otherwise assisting anyone from infringing upon Deckers' UGG Trademark, Deckers' '999 Patent or Deckers' '189 Patent;

k.  using, linking to, transferring, selling, exercising control over, or otherwise owning <uggboots.com.au> and any other domain name that is being used to sell unauthorized UGG products; and

l.  operating and/or hosting websites at the <uggboots.com.au> domain name and any other domain name registered or operated by Defendants that are involved with the distribution, advertising, offering for sale, or sale of any product that is not a genuine Deckers' UGG product or not authorized by Deckers to be sold in connection with Deckers' UGG Trademark, including <uggboots.com.au>.

2.    Directing that Defendants deliver for destruction all footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing the mark "UGG" and variations thereof or any simulation, reproduction, counterfeit, copy or colorable imitations of the UGG Trademark, as well as footwear bearing the patented design of Deckers' '999 Patent and footwear bearing the patented design of Deckers' '189

Patent, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

3.     Entering an Order that, upon Deckers' request, those in privity with Defendants, including any web hosts, online retailers and marketplaces such as Amazon and eBay, social media platforms such as Facebook, YouTube, Pinterest and Twitter that are provided with notice of the Order, cease facilitating access to any and all websites through which Defendants engage in the sale of goods using the Infringing Marks or variations thereof or any simulation, reproduction, counterfeit, copy or colorable imitation of Deckers' UGG Trademark;

4.     Entering an Order that, upon Deckers' request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines such as Google, Bing and Yahoo:

     a.   disable and cease providing services for any accounts through which Defendants engage in the sale of goods using the UGG Trademark, including links to <uggboots.com.au>;

     b.   disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods using the UGG Trademark; and

     c.   take all steps necessary to prevent links to <uggboots.com.au> from displaying in any search results, including, but not limited to, removing links to any portion of any website associated with Defendants and <uggboots.com.au> from any search index;

5.     Entering an Order that the registrars for Defendants' domains including the registrar of <uggboots.com.au> shall take any steps necessary to transfer the Defendant's domain name <uggboots.com.au> to a registrar of Deckers' selection so the domain name may no longer be used for illegal purposes.

6.      Entering an Order that any banks, savings and loan associations, payment processors, PayPal, Alipay or other financial institutions, for Defendants or Defendants' websites shall within two (2) business days of receipt of this Order:

      a.  Locate all accounts connected to Defendants, Defendants' Marketplace Accounts or Defendants' Website, including, but not limited to, any PayPal and Alipay accounts;

      b.  Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendants' assets; and

      c.  Transfer any funds restrained in such accounts to Deckers within ten (10) business days of receipt of this Order.

7.      Entering an Order that until Deckers has recovered full payment of monies owed to it by the Defendants, Deckers shall have the ongoing authority to direct any banks, savings and loan associations, or other financial institutions including, without limitation, PayPal and Alipay (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defendants are identified. The Financial Service Providers shall in particular:

      a.  Locate all accounts connected to Defendants, Defendants' Marketplace Accounts or Defendants' Websites, including, but not limited to, any PayPal and Alipay accounts; and

      b.  Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendants' assets; and

      c.  Transfer any funds restrained in such accounts to Deckers within ten (10) business days of receipt of this Order.

8.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Deckers, or related in any way to Deckers' products.

9.     That Deckers be awarded from Defendants, as a result of Defendants' use of the Infringing Marks three times Deckers' damages there from and three times of Defendants' profits there from, after an accounting, pursuant to 15 U.S.C. § 1114 and § 1117.

10.     In the alternative, that Deckers be awarded statutory damages for trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $200,000 for each and every counterfeit use of the UGG Trademark, and to the extent this Court finds such counterfeiting was willful, $2,000,000, plus $100,000 per domain name pursuant to 15 U.S.C. § 1117(d);

11.     Awarding Deckers its reasonable attorney's fees and investigative fees pursuant to 15 U.S.C. § 1117.

12.     Awarding Deckers such damages as it shall prove at trial against Defendants that are adequate to compensate Deckers for infringement of Deckers' '999 and '189 Patents, and all of the profits realized by Defendants, or others acting in concert or participation with them, from Defendants' unauthorized use and infringement of Deckers' '999 and '189 Patents.

13.     Awarding Deckers punitive damages for Defendants' willful acts of unfair competition under California law.

14.     Awarding Deckers its costs in bringing this action.

15.     Awarding Deckers any further relief that this Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Deckers Outdoor Corporation hereby demands a trial by jury of all issues so triable.

Dated: August 26, 2014                    J. Andrew Coombs, A Professional Corp.

By: _____
                    J. Andrew Coombs
                    Annie S. Wang
             Attorneys for Plaintiff Deckers Outdoor
             Corporation

EXHIBIT A
UGG U.S. Registration No. 3,050,925

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,050,925
Registered Jan. 24, 2006

TRADEMARK
PRINCIPAL REGISTER

# UGG

DECKERS OUTDOOR CORPORATION (DELA-
WARE CORPORATION)
495-A SOUTH FAIRVIEW AVENUE
GOLETA, CA 93117

FOR: MEN'S, WOMEN'S AND CHILDREN'S
FOOTWEAR, NAMELY, BOOTS, SHOES, CLOGS,
SLIPPERS; MEN'S, WOMEN'S AND CHILDREN'S
CLOTHING, NAMELY, COATS, JACKETS,
PONCHOS; WOMEN'S CLOTHING, NAMELY,
SKIRTS, MUFFS; CHILDREN'S BUNTINGS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-28-1979; IN COMMERCE 12-28-1979.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-976,129, FILED 1-21-2005.

BARBARA A. LOUGHRAN, EXAMINING ATTOR-
NEY

1

## EXHIBIT B
## U.S. Patent No. D599,999

2

3



US00D599999S

4

5

(12) **United States Design Patent**     (10) Patent No.:     **US D599,999 S**

MacIntyre     (45) Date of Patent:     ** **Sep. 15, 2009**

6

(54)   PORTION OF A FOOTWEAR UPPER

EP          00718002-0006          4/2007

7

(75)   Inventor:   Jennifer MacIntyre, Santa Barbara, CA
(US)

OTHER PUBLICATIONS

UGG Australia, Bipster model, p. 1, Oct. 3, 2008.
UGG Australia, Henry model, p. 1, Oct. 3, 2008.
UGG Australia, Erin model, p. 1, Oct. 3, 2008.
UGG Australia, Cove model, p. 1, Oct. 27, 2008.
UGG Australia, Kona model, p. 1, Oct. 17, 2008.
Catalogue Moscow Shoes, summer 2006, p. 2 top center.
Steve Madden MISSYY Brown Suede boot, www.jildershoes.com,
Dec. 9, 2008.

8

(73)   Assignee:   **Deckers Outdoor Corporation**, Goleta,
CA (US)

9

(**)   Term:   **14 Years**

10

(21)   Appl. No.:   29/326,868

* cited by examiner

11

(22)   Filed:   **Oct. 27, 2008**

*Primary Examiner*—Stella M Reid
*Assistant Examiner*—Rashida C McCoy
(74) *Attorney, Agent, or Firm*—Greer, Burns & Crain, Ltd.

(51)   LOC (9) Cl. ........................................... 02-99
(52)   U.S. Cl. ............................ D2/970; D2/911; D2/946
(58)   Field of Classification Search ................. D2/896,
D2/909–915, 946, 970, 973, 974;  36/45,
36/50.1, 83, 3 A, 7.1 R, 113
See application file for complete search history.

12

(57)          **CLAIM**

The ornamental design for a portion of a footwear upper, as
shown and described.

13

(56)          **References Cited**

14

U.S. PATENT DOCUMENTS

**DESCRIPTION**

FIG. 1 is a perspective view of a portion of a footwear upper
showing my new design;

15

| D125,568 S | * | 3/1941 | Hard | D2/911 |
| D155,573 S | * | 10/1949 | Bingham | D2/910 |
| D159,577 S | * | 8/1950 | Stromberg | D2/900 |
| D159,761 S | * | 8/1950 | Barron | D2/910 |
| D237,197 S | * | 6/1973 | Fuleszka | D2/910 |
| D319,332 S | * | 8/1991 | Izdowitz | D2/910 |
| D481,863 S | * | 11/2003 | Belley et al. | D2/970 |
| D529,260 S | * | 10/2006 | Belley et al. | D2/970 |
| D539,024 S | | 3/2007 | Belley et al. | |
| D581,140 S | | 11/2008 | Earle | |

FIG. 2 is a side elevational view thereof;

16

FIG. 3 is an opposite side elevational view thereof;

FIG. 4 is a front elevational view thereof;

FIG. 5 is a rear elevational view thereof;

17

FIG. 6 is a top plan view thereof; and,

FIG. 7 is a bottom plan view thereof.

The broken lines in FIGS. 1–7 represent portions of the foot-
wear that form no part of the claimed design. The broken line
which defines the bounds of the claimed design forms no part
thereof.

18

19

FOREIGN PATENT DOCUMENTS

DE          40702148          8/2007

1 Claim, 6 Drawing Sheets

20

21



22

23

24

25

26

27

28

**U.S. Patent**          Sep. 15, 2009          Sheet 1 of 6          US D599,999 S



FIG. 1

U.S. Patent          Sep. 15, 2009          Sheet 2 of 6          US D599,999 S



FIG. 2

U.S. Patent          Sep. 15, 2009          Sheet 3 of 6          US D599,999 S



FIG. 3

U.S. Patent    Sep. 15, 2009    Sheet 4 of 6    US D599,999 S



FIG. 5



FIG. 4



FIG. 6



FIG. 7

EXHIBIT C
U.S. Patent No. D616,189



US00D616189S

(12) **United States Design Patent**   (10) Patent No.:    **US D616,189 S**
MacIntyre                              (45) Date of Patent:    ** *May 25, 2010

(54) **PORTION OF A FOOTWEAR UPPER**

(75) Inventor: **Jennifer MacIntyre**, Santa Barbara, CA (US)

(73) Assignee: **Deckers Outdoor Corporation**, Goleta, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/343,479**

(22) Filed: **Sep. 14, 2009**

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 29/326,868, filed on Oct. 27, 2008, now Pat. No. Des. 599,999.

(51) LOC (9) Cl. ............................................. **02-99**
(52) U.S. Cl. ................................................. **D2/970**
(58) Field of Classification Search ........... D2/896, D2/902, 903, 905–915, 946, 970, 972, 974, D2/976; 36/45, 50.1, 83, 3 A, 7.1 R, 115, 36/101, 112, 114, 116, 126–130, 48
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D21,954 S | * | 11/1892 | Richardson | D2/910 |
| D125,568 S | | 3/1941 | Hard | |
| D155,573 S | | 10/1949 | Bingham, Jr. | |
| D159,577 S | * | 8/1950 | Stromberg | D2/900 |
| D159,761 S | * | 8/1950 | Barron | D2/910 |
| D227,197 S | | 6/1973 | Fukuoka | |
| D284,805 S | * | 7/1986 | Smith | D2/900 |
| D319,332 S | | 8/1991 | Itzkowitz | |
| D357,572 S | * | 4/1995 | Seiler et al. | D2/910 |
| D386,292 S | * | 11/1997 | Brooks et al. | D2/970 |
| D386,294 S | * | 11/1997 | Brooks et al. | D2/970 |
| D400,342 S | * | 11/1998 | Davidowitz et al. | D2/909 |
| D481,863 S | | 11/2003 | Belley et al. | |
| D497,476 S | * | 10/2004 | Heard et al. | D2/970 |
| D521,228 S | * | 5/2006 | Kelsey | D2/976 |
| D529,269 S | | 10/2006 | Belley et al. | |
| D539,024 S | * | 3/2007 | Belley et al. | D2/970 |

| | | | | |
|---|---|---|---|---|
| D554,341 S | * | 11/2007 | Belley et al. | D2/970 |
| D575,495 S | | 8/2008 | Le | |
| D580,158 S | | 11/2008 | Belley et al. | |

(Continued)

FOREIGN PATENT DOCUMENTS

DE         40702148     8/2007

(Continued)

OTHER PUBLICATIONS

UGG Australia, Bipster model, p. 1, Oct. 3, 2008.

(Continued)

*Primary Examiner*—Robert M Spear
*Assistant Examiner*—Rashida C McCoy
(74) *Attorney, Agent, or Firm*—Greer, Burns & Crain, Ltd.

(57) **CLAIM**

The ornamental design for a portion of a footwear upper, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a portion of a footwear upper showing my new design;

FIG. 2 is a side elevational view thereof;

FIG. 3 is an opposite side elevational view thereof;

FIG. 4 is a front elevational view thereof;

FIG. 5 is a rear elevational view thereof; and,

FIG. 6 is a top plan view thereof.

The broken lines in FIGS. 1–6 represent portions of the footwear that form no part of the claimed design. The broken line which defines the bounds of the claimed design forms no part thereof.

**1 Claim, 6 Drawing Sheets**



**US D616,189 S**
Page 2

U.S. PATENT DOCUMENTS

| D581,140 S | 11/2008 | Earle |
| D585,636 S | 2/2009 | Earle |
| D591,496 S | 5/2009 | Earle |

FOREIGN PATENT DOCUMENTS

| EP | 00718002-0006 | 4/2007 |
| EP | 001159008-0005 | 8/2009 |

OTHER PUBLICATIONS

UGG Australia, Henry model, p. 1, Oct. 3, 2008.
UGG Australia, Erin model, p. 1, Oct. 3, 2008.

UGG Australia, Cove model, p. 1, Oct. 27, 2008.
UGG Australia, Kona model, p. 1, Oct. 27, 2008.
Steve Madden MISSYY Brown Suede boot, www.jildorshoes.com, Dec. 9, 2008.
Catalogue Moscow Shoes, summer 2006, p. 2 top center.
UGG Australia 1990 Catalog, Classic Tall model, 1990.
UGG Australia Fall/Winter 2004 Catalog, Larkspur model, 2004.
Sportsmaster, Russian Federation, Autumn/Winter 2008-2009.

* cited by examiner

Deckers Outdoor Corporation v.
The Busy B Enterprises Pty Ltd, et al.:
Complaint                    .                    - 31 -



**FIG. 2**

Deckers Outdoor Corporation v.
The Busy B Enterprises Pty Ltd, et al.:
Complaint      .      - 32 -



**FIG. 3**



## FIG. 4



# FIG. 5

Deckers Outdoor Corporation v.
The Busy B Enterprises Pty Ltd, et al.:
Complaint                              - 35 -



FIG. 6